JUSTICE HEARN:
In this action to enforce restrictive covenants, we affirm the court of appeals in finding Petitioners’ property was not developed into discrete lots to entitle them to voting rights under the covenants. We write now only to clarify that portion of the court of appeals’ opinion that may be read to conflate the terms “developed” and “improved.”
DISCUSSION
The facts of this case are not in dispute and can be found in the court of appeals opinion, Hanold v. Watson’s Orchard *164 Property Owners Ass’n, Inc., 412 S.C. 387, 772 S.E.2d 528 (Ct. App. 2015).
We agree with the court of appeals’ conclusion that the term “developed” as contained in the restrictive covenants is unambiguous, and its plain and ordinary meaning connotes conversion of raw land into an area suitable for building, residential, or business purposes. See, e.g., Sleasman v. City of Lacey, 159 Wash.2d 639, 643, 151 P.3d 990, 992 (2007); Webster’s Third New Int’l Dictionary 618 (3d ed. 1986). To the extent the court of appeals may have used the terms “developed” and “improved” interchangeably, we note the terms are not synonymous and the requirements for improved land, such as the installation of utilities or buildings, are not necessary to meet the lower threshold of developed land. Therefore, we hold the court of appeals should have limited its inquiry to consider only evidence as it relates to “developed” lots, and any consideration of whether the property was “improved” was not pertinent.
However, we find any error in the application of the two terms did not affect the outcome of the case at hand, and we agree with the court of appeals’ conclusion that Petitioners did not “develop” their property under the plain meaning of the restrictive covenants.
CONCLUSION
Based on the foregoing, the court of appeals’ opinion is affirmed.
AFFIRMED.
BEATTY, C.J. and KITTREDGE, J., concur. Acting Justice Costa M. Pleicones, concurring in a separate opinion in which FEW, J., concurs.